## STATE ex THE UNITED STATES RUBBER CO v ZANGERLE

Ohio Appeals, 8th Dist, Cuyahoga Co

No 16479. Decided Jan. 16, 1939

Krueger, Gorman & Davis, Cleveland, for appellee.

Frank T. Cullitan, Pros. Atty., Cleveland, and Saul S. Danaceau, Asst. Pros. Atty., Cleveland, for appellant.

STEVENS, PJ, and DOYLE, J, (9th Dist) sitting by designation.

### OPINION

By WASHBURN, J.

This matter is before the court upon an appeal on questions of law.

From the record it appears that The United States Rubber Company, the owner of certain real estate, filed an application with the board of revision of Cuyahoga county to reduce the assessed valuation of such real estate for the year 1932. The complaint alleged that the property, the assessed valuation of which the rubber company desired reduced, was assessed upon the county auditor's books for a total of $903,490, divided as follows: land—$203,140; buildings—$700,350; and the real estate was referred to as being in Cuyahoga county, "foot Lisbon road."

Upon hearing the board denied the application. Appeal was then taken by the rubber company to the Tax Commission of Ohio.

At the hearing before the tax commission, it was stated that no complaint was made as to the item of land, but it was claimed that the buildings item should be reduced to $176,033.

After a full hearing, the commission determined that the assessed value of the real estate, as made by the board of revision, was not the true value thereof in money, but that the true value was: "Land—$203,140; buildings—$500,350; total—$703,490," and ordered the auditor of Cuyahoga county "to correct his records and duplicate in accordance with this finding."

The prosecuting attorney of Cuyahoga county being dissatisfied with said order, appealed the same to the Court of Common Pleas (as he was authorized by statute to do), by filing a petition-in-error therein, making parties thereto The United States Rubber Company, the Auditor of Cuyahoga county, and the Tax Commission of Ohio, and, upon hearing, the Court of Common Pleas affirmed the order made by the tax commission.

The prosecuting attorney prosecuted error from the judgment of the Common Pleas Court to the Court of Appeals, and that court dismissed the petition-in-error and remanded the cause to the Common Pleas Court for execution.

Thereafter, the county auditor corrected his records and duplicate to conform, as he claims, with the order of the tax commission.

Thereafter, on the 30th day of March, 1937, The United States Rubber Company, claiming that the auditor had not corrected his records and duplicate in accordance with the finding of the tax commission, brought an action in mandamus against the auditor (the tax commission not being a party to such action), asking an order commanding him to modify, change, and correct the tax duplicate and records of the county so as to comply with said order of the commission, and subsequent orders made by the board of revision of Cuyahoga

county, in accordance with the general orders of the Tax Commission of Ohio, as to decreases in the valuation of lands for assessment—not only for the year 1932, but for the years of 1933 to 1936.

To that petition the auditor answered, alleging that "the tax list and duplicate have been changed and corrected to comply with the determination of value, the judgment and order of said tax commission, of the said Court of Common Pleas, and of the said Court of Appeals." And in his answer the auditor further "denies that he has failed to abide by the lawful orders of the Tax Commission of Ohio, and denies that he has failed to abide by the orders and rulings of the courts hereinbefore mentioned. On the contrary, this answering defendant avers that he has abided by and carried into effect all lawful orders of the Tax Commission of Ohio and that he has abided by and carried into effect the judgment and orders of the Court of Common Pleas and the Court of Appeals respectively."

At the trial of said mandamus action, the cause was, by agreement, submitted to the court upon the records of the Tax Commission of Ohio, the Court of Common Pleas, and the Court of Appeals, containing either the originals of all papers filed in connection with the original complaint or accurate copies thereof, and upon a stipulation showing the location of all of the real estate in Cuyahoga county owned by the rubber company, and the assessed value thereof separated into items of land and buildings, as the same appeared upon the records of the county auditor prior to the filing of said complaint by the rubber company with the board of revision.

The controlling issue presented by the pleadings was as to whether the auditor, in the changes made upon his records, had complied with the orders of the tax commission—the rubber company alleging that he had not done so, and the auditor denying such allegation and alleging that on the contrary he had complied with such orders.

Mandamus was a proper remedy to compel the auditor to act, but such remedy is available only where there is a plain dereliction of duty, and will not be granted unless a clear right thereto appears.

In this case the trial court found that the auditor had not complied with the orders of the tax commission, and ordered him to make changes on his records.

We have made a careful search of the record, and can find no evidence as to the character and nature of the changes which the auditor made upon his records, and therefore the trial court could not determine from the record that the auditor had not complied with the orders of the tax commission.

Furthermore, a careful study of the record leads us to the conclusion that we cannot determine therefrom just what corrections and changes the auditor should have made upon his records in order to comply with the orders of the tax commission, and that therefore the evidence does not establish a plain dereliction of duty on the part of the auditor, nor a clear right of the rubber company to an order of mandamus.

The difference between the rubber company and the auditor as to the meaning of the order of the commission is due entirely to the wording of the complaint filed by the rubber company, and seems not to have arisen until after the order of the tax commission had been approved by the judgment of a court, and it did not appear in the record until there was filed in this action said agreed statement of facts showing the assessed valuation of all of the real estate of the rubber company before said complaint was filed.

Mandamus is an action to compel the performance of a plain duty enjoined by law, and is not appropriate for the purpose of creating a duty, by correcting an order of a commission, or for the purpose of giving to such an order an interpretation where no clear interpretation is possible, and then enforcing the duty arising from such correction or interpretation; and in this case there is no way of determining what the wording of the order of the tax commission would have been if there had been no mistake in the wording of the complaint filed with the commission.

The trial court should have denied the writ and dismissed the proceedings at the costs of the rubber company.

The judgment of the trial court being contrary to law, the same is reversed and the judgment which it should have rendered will be entered by this court.

Judgment reversed, and final judgment dismissing the petition of the plaintiff at its costs.

STEVENS, PJ, and DOYLE, J, concur.